IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GEOFFREY A. MARLIN, | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-08-912 |
| | § | |
| STERLING MCCALL TOYOTA, | § | |
|     *Defendant.* | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is defendant Sterling McCall Toyota's ("Sterling") motion to dismiss pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 5. Having reviewed the motion, response, reply, and the applicable law, the court finds that Sterling's motion to dismiss should be DENIED.

### BACKGROUND

Geoffrey Marlin filed this Title VII suit for employment discrimination against Sterling. The Equal Opportunity Employment Commission ("EEOC") had denied filing suit on behalf of Marlin and, on December 6, 2007, issued a Notice of the Right to Sue ("EEOC Notice") to Marlin, which he received on December 7. Dkt. 6. On March 6, 2008, Marlin submitted a complaint against Sterling as well as an application to proceed in forma pauperis ("IFP"). *Marlin v. Sterling McCall Toyota*, Misc. H-08-092, Dkt. 1. The application to proceed IFP was denied as incomplete on March 10, but Marlin was given until March 25 to submit more detailed financial information. *Id.*, Dkt. 2. Marlin refiled his financial information on March 19, and his IFP status was granted on March 20. *Id.,* Dkt 3. The complaint was docketed by the court on the same day. *Id.*, Dkt. 4. On April 21, Marlin served Linda Weathers, the human resources director of Sterling. Dkt. 4.

1

Sterling now moves to dismiss Marlin's claim pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 5. Sterling moves for dismissal under Rule 12(b)(5) because service of process was defective. *Id.* Sterling moves for dismissal under Rule 12(b)(6) because the complaint was not timely filed. *Id.*

### SERVICE OF PROCESS

Sterling urges the court to dismiss Marlin's complaint pursuant to Rule 12(b)(5) because Marlin violated Rules 4(h) and 4(c)(2) of the Federal Rules of Civil Procedure. Rule 4(h) provides that a "domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h). Rule 4(c)(2) provides that service must be made by any person who is at least 18 years old and not a party to the lawsuit. FED. R. CIV. P. 4(c)(2).

It is undisputed that Marlin violated Rules 4(h) and 4(c)(2) by personally serving Sterling's human resources director. Dkt. 6 at 2. However, "the core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672, 116 S. Ct. 1638 (1996). Furthermore, "[a] district court enjoys broad discretion in determining whether to dismiss an action for failure of service." *Moore v. Sullivan*, 983 F.2d 1062, 1062 (5th Cir. 1993) (citing *George v. U.S. Dep't of Labor, Occupational Safety and Health Admin.*, 788 F.2d 1115, 1116 (5th Cir.1986)). "Service requirements under Rule 4 are construed liberally when a party contesting service of process has received actual notice."

2

*Candelaria v. Erickson*, No. 01-8954, 2005 WL 1529566, at *7 (S.D.N.Y. June 28, 2005) (quoting *St. John Rennalls v. County of Westchester*, 159 F.R.D. 418, 420 (S.D.N.Y.1994) (internal quotation marks omitted)).  The Fifth Circuit has construed provisions of Rule 4 broadly when the defendant received notice of the suit.  *Nowell v. Nowell*, 384 F.2d 951 (5th Cir. 1967) (finding the district court's denial of motion to quash service was within its discretion because the defendant received notice of the suit); *see also Brinson v. United States*, No. 04-746, 2005 WL 1155138, at *3 (E.D. La. Mar. 29, 2005) (Rule 4 should not be construed so narrowly as to mandate dismissal in every case; a four factor test should be used to determine exceptions: (1) whether the defendant had actual notice, (2) whether the defendant is prejudiced by the defect, (3) whether there is a justifiable excuse for the defects, and (4) whether the plaintiff would be severely prejudiced if the complaint were dismissed).  Furthermore, "[w]hen dealing with pro se parties, courts interpret the rules dealing with service of process liberally."  *Candelaria*, 2005 WL 1529566, at *7 (quoting *St. John Rennalls*, 159 F.R.D. at 420).

Marlin is a pro se plaintiff, with little to no experience with the Rule 4 service requirements. Furthermore, Sterling received actual notice of the suit and will not be prejudiced by this court if the defects in service are waived.  Marlin, on the other hand, would likely be time barred from asserting his claim if this court dismissed his claim due to defects in service and required him to resubmit his complaint.  *See* 42 U.S.C. § 2000e-5(f)(1).  Accordingly, Sterling's Rule 12(b)(5) motion to dismiss for improper service is DENIED.

### FAILURE TO STATE A CLAIM

#### Standard of Review

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). In considering 12(b)(6) motions, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65 (citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)) (internal citations omitted). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965 (supporting facts must be plausible—enough to raise a reasonable expectation of relief).

**Analysis**

Sterling asserts that because Marlin's complaint was officially filed by the court on March 20, 2007, suit was not filed within ninety days of receipt of the EEOC Notice. Dkt. 5. Therefore, Marlin's complaint is time barred, and Marlin is not entitled to relief under any set of facts or theories alleged in his complaint. *Id.* at 2. Consequently, Sterling asserts that Marlin's claim should be dismissed for failing to state a claim. *Id.* However, Sterling fails to note that Marlin's complaint was originally submitted to the court on March 6, 2007, along with an application to proceed IFP. *Marlin v. Sterling McCall Toyota*, Misc. H-08-092, Dkt. 1. The IFP application was denied as

incomplete, but Marlin was given until March 25 to resubmit more detailed financial information. *Id.*, Dkt. 2. Marlin submitted the financial information on March 19, and the court granted his IFP application and filed his already submitted complaint on March 20, 2007. *Id.,* Dkt. 3-4.

Title VII of the Civil Rights Act of 1964 provides that within ninety days of the issuance of an EEOC Notice from the EEOC, a private action may be brought in federal district court. 42 U.S.C. § 2000e-5(f)(1). However, it has been held that this ninety-day time limit is analogous to a statute of limitations, to which equitable tolling principles may be applied. Ann K. Wooster, *Tolling of the Time Period for Bringing Title VII Action Under § 706 of Civil Rights Act of 1964 (42 U.S.C.A. § 2000e-5(f)(1))—Based on Personal Status or Circumstances*, 13 A.L.R. FED. 2d 633 (2006) (citing *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 103 S. Ct. 2392 (1983)). "While the ninety-day limitations period governing Title VII claims is subject to equitable tolling, the court's power to grant such relief is to be used only sparingly, and does not extend to what is at best a garden variety claim of excusable neglect." *Russell v. Univ. of Tex. Health Ctr. at Tyler*, 993 F.2d 1544, 1544 (5th Cir. 1993) (quoting *Irwin v. Veterans Admin.*, 498 U.S. 89, 95, 111 S. Ct. 453 (1990) (internal quotation marks omitted)). The Fifth Circuit has held that "[d]elay by the clerk in stamping a complaint 'filed' due to the pendency of a motion to proceed IFP does not jeopardize the timeliness of the plaintiffs commencement of suit." *Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1392 (5th Cir. 1991). In *Ynclan*, the court allowed equitable tolling of a thirty day period of limitations on service of a complaint because the summons could not be issued until the complaint was filed. *Id.* at 1393. Ynclan timely submitted his complaint, but the clerk filed the complaint three days after the limitations period expired. *Id.* at 1392. The clerk delayed filing Ynclan's complaint until the court resolved two pending motions, including his eligibility to proceed IFP. *Id.*

5

Just as in *Ynclan*, Marlin timely submitted his complaint with the application to proceed IFP on March 6, the ninetieth day after receiving the EEOC Notice from the EEOC. *Marlin v. Sterling McCall Toyota*, Misc. H-08-092, Dkt. 1. The clerk delayed filing the complaint until the application to proceed IFP had been resolved. *Id.,* Dkt. 2. The clerk filed the complaint on March 20, after the application to proceed IFP had been granted. *Id.*, Dkt. 4. Therefore, the delay was caused solely by the pendency of the application to proceed IFP, and the ninety-day limitations period should therefore be equitably tolled. Accordingly, Marlin's complaint complied with the ninety day limitations period, and Sterling's motion to dismiss pursuant to Rule 12(b)(6) is DENIED.

## CONCLUSION

For the foregoing reasons, Sterling's motion to dismiss pursuant to Rules 12(b)(5) and 12(b)(6) is DENIED.

Signed at Houston, Texas on June 26, 2008.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY